# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHAWN DEMETRIUS JONES,**

**Petitioner,**

**v.**                                      **Case No. 26-CV-377**

**JENNIFER CLAUY,**

**Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Shawn Demetrius Jones, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

As a preliminary matter, Jones's petition is difficult to read. His handwriting method has resulted in many words being indecipherable. But from what the court can glean, he is challenging the fact that his extended supervision has been extended past the date it was set to expire because he had absconded. Under Wisconsin law, a period of extended supervision may be tolled for the length of time a person is in violation, for example, by having absconded. *See* Wis. Stat. § 304.072(1).

But before the court can consider the merits of his claim, it must determine that the petition is properly before the court. Chief Judge Pamela Pepper dismissed a similar petition that Jones filed about a year ago. *See Jones v. Johnson*, No. 25-cv-460-pp, 2025 LX 386873 (E.D. Wis. Sep. 15, 2025). Chief Judge Pepper concluded that Jones had failed to exhaust his state court remedies because he had not presented his claim to the Wisconsin Court of Appeals and the Wisconsin Supreme Court. At that time, Jones's case was still pending before the Wisconsin Court of Appeals.

The court of appeals has since dismissed his appeal pursuant to Wis. Stat. § 809.83(2) for Jones's non-compliance with the court's Rules. *See* Wis. Ct. App. No. 2025AP002007. Jones did not seek relief in the Wisconsin Supreme Court. Thus, he acknowledges that he has not exhausted his state court remedies. (ECF No. 1 at 7.) But when asked to explain his failure to exhaust, he notes merely that certain exceptions to exhaustion apply. He offers nothing to suggest that those exceptions apply to him.

Accordingly, the court must reach the same conclusion as Chief Judge Pepper – Jones's petition is not properly before the court because he has not exhausted his state court remedies. *Jones v. Johnson*, No. 25-cv-460-pp, 2025 U.S. Dist. LEXIS 179934, at *7 (E.D. Wis. Sep. 15, 2025) (citing *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

However, as Jones notes, there are exceptions to the exhaustion doctrine. Before dismissing this action, the court will give Jones the opportunity to demonstrate that one of these exceptions applies to him.

But even if Jones is able to prove that the court should excuse his failure to present his claims to the Wisconsin Supreme Court, there is then the fact that the Wisconsin Court of Appeals dismissed his appeal because he failed to comply with its Rules. That dismissal likely constitutes adequate and independent state law grounds for denying him relief and thus represents another hurdle he must clear before obtaining relief in this court. *See, e.g.*, *Anderson v. Gierach*, No. 23-CV-626-SCD, 2024 U.S. Dist. LEXIS 93162, at \*5 (E.D. Wis. May 23, 2024); *Terry v. Symdon*, No. 14-CV-321, 2014 U.S. Dist. LEXIS 104054, at \*9 (E.D. Wis. July 29, 2014); *Flowers v. Avila*, No. 13-cv-701-wmc, 2013 U.S. Dist. LEXIS 166081, at \*11 (W.D. Wis. Nov. 22, 2013).

**IT IS THEREFORE ORDERED** that, if Jones wishes to continue to pursue this action, within **28 days** of this order Jones shall show cause why his petition and this action should not be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A) for his failure to exhaust his state court remedies or alternatively on the basis that the Wisconsin Court of Appeals denied his appeal for adequate and independent state law grounds. This submission must be typed or legibly handwritten. Failure to show cause within 28 days will result in the court dismissing this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent may, but is not required to, respond to the petitioner's submission within **28 days.** The petitioner may reply within **28 days** thereof.

**IT IS FURTHER ORDERED** that all of the petitioner's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 17th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

4