# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SHAWN DEMETRIUS JONES,**

     **Petitioner,**

    **v.**                     **Case No. 26-CV-377**

**JENNIFER CLAUY,**

     **Respondent.**

---

## ORDER

---

On March 17, 2026, the court ordered the petitioner, Shawn Demetrius Jones, to show cause why his petition should not be dismissed for his failure to exhaust his remedies in state court. (ECF No. 4.) Jones failed to respond.

Accordingly, the court hereby **dismisses** Jones's petition and this action pursuant to 28 U.S.C. § 2254(b)(1)(A) because Jones failed to exhaust his remedies in the Wisconsin courts before filing his petition. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because the court is dismissing his petition, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant the petitioner a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would

find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that the petitioner has failed to exhaust his state court remedies the court **declines** to issue a certificate of appealability.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 13th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge